# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No. SACR 02-0001-AHS                                  Date: May 20, 2002

---

**PRESENT:** HONORABLE ALICEMARIE H. STOTLER, JUDGE

| Ellen Matheson | William S. Stephens | Richard Cutler |
|---|---|---|
| Courtroom Deputy | Court Reporter | Asst. U.S. Attorney |
| JONATHAN NYENKE | G. David Haigh | N/A |
| Defendant | Apptd Counsel | Interpreter |

---

**PROCEEDINGS:** SENTENCING AND JUDGMENT

X    Refer to Judgment and Probation/Commitment Order; signed copy attached hereto.

___    Imprisonment for _____ years/months on each of counts _____
Count(s) _____ concurrent/consecutive to count(s) _____

___    Fine of $_____ is imposed on each of count(s) _____ Concurrent/Consecutive.
☐ Execution / Imposition of sentence as to imprisonment only suspended on count(s) _____

___    Confined in jail-type institution for _____ to be served on consecutive days/weekends commencing _____

___    _____ years/months Supervised Release/Probation imposed on count(s) _____ consecutive/concurrent to count(s) _____ under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:

    ___ Perform _____ hours of community service.
    ___ Serve _____ in a CCC/CTC.
    ___ Pay $_____ fine amounts & times determined by P/O.
    ___ Make $_____ restitution in amounts & times determined by P/O.
    ___ Participate in a program for treatment of narcotic/alcohol addiction.
    ___ Pay any fine imposed by this sentence & that remains unpaid at commencement of community supervision. Comply with rules/regulations of INS, if deported not return to U.S.A. illegally and upon any reentry during period of supervision report to the nearest P/O within 72 hours.
    ___ OTHER CONDITIONS: _____

___    Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court FINDS the defendant does not have the ability to pay.

___    Pay $_____, per count, special assessment to the United States for a total of $_____

___    Imprisonment for _____ months/years and for a study pursuant to 18 USC _____ with results to be furnished to the Court within _____ days/months whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____

X    Government's motion, all remaining count(s)/underlying indictment/information, and first superseding information, ordered dismissed as to this defendant.

___    Defendant informed of right to appeal.

___    ORDER sentencing transcript for Sentencing Commission. ___ Processed statement of reasons.

___    Bond exonerated ___ upon surrender and not before. Pretrial services conditions remain in effect.

___    Execution of sentence is stayed until 12 noon, on _____, at which time the defendant shall surrender to the designated facility of the Bureau of Prisons, or, if no designation made, to the U.S. Marshal.

___    Defendant ordered remanded to/released from custody of U.S. Marshal forthwith.

___    Issued Remand/Release # _____

X    Filed and distributed judgment. Issd JS-3. ENTERED. **ENTER ON ICMS**

X    OTHER: Court's tentative ruling issued to counsel before case called, a copy of which is attached to this Minute Order*.
     [*Attached tentative ruling is a corrected version as of 6/7/02)

JUN 11 2002

Deputy Clerk Initials _____

CR 90 (6/00)      CRIMINAL MINUTES - SENTENCING AND JUDGMENT

CORRECTED AS OF JUNE 7, 2002

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE ALICEMARIE H. STOTLER, JUDGE, PRESIDING

TENTATIVE RULING ON SENTENCING

May 20, 2002, Cal. No. 14

CASE: **United States of America v. Jonathan Emeka Nyenke**
SA CR 02-001 AHS

PROCEEDING: Sentencing Under Guidelines Pursuant to a Plea Agreement, Fed. R. Crim. P. 11(e)(1)(A)

1. **Procedural Background**

On February 25, 2002, defendant Jonathan Emeka Nyenke ("defendant") pleaded guilty to Count One of the Indictment in violation of 18 U.S.C. § 2113(a) (bank robbery). On April 15, 2002, the Probation Office disclosed the Presentence Investigation Report ("PSR"). On May 2, 2002, the government filed its position. On May 6, 2002, defendant filed his position. On May 9, 2002 the government filed a response to defendant's position. Also on May 9, 2002, the Probation Office disclosed an Addendum to the PSR.

Defendant has had 35 days to review the PSR, as required by Federal Rule of Criminal Procedure 32(b)(6)(A).

2. **Objections to the PSR.**

There being no objections to the factual statements contained in the PSR, the Court adopts those statements as its findings of fact.

3. **Motion for Downward Departure**

a. Defendant's Motion

Defendant has filed a motion for downward departure based upon the alleged overstatement of his juvenile criminal history and the combination of his age, his role in the offense, and the alleged inducement by his co-defendant.

Defendant argues that his juvenile record should not be considered in his sentencing in light of United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001), which held that a juvenile record could not be considered in calculating a criminal history score for career criminal status. See id. at 1190-91. Defendant points to Ninth Circuit caselaw authorizing the district court to depart downwards if a defendant's criminal history category is overstated. See US v. Cuevas-Gomez, 61 F.3d 749 (9th Cir. 1995); and see US v. Brown, 985 F.2d 478, 482 (9th Cir. 1993).

Defendant also argues that a combination of factors including his age, his limited role, and the co-defendant's inducement in the offense merits a downward departure.

### b. The Government's Response

The government contends that defendant has failed to demonstrate that a downward departure is appropriate. The government argues that contrary to defendant's assertion, juvenile criminal history may even be used for upward departures. See United States v. Beck, 992 F.2d 1008, 1009 (9th Cir. 1993). The government further argues that age and limited role in the offense merit a departure only under extraordinary circumstances. Thus, the government opposes a downward departure from the PSR recommendation.

### c. Addendum to PSR

The Addendum states that given defendant's three juvenile petitions, including two for first degree residential burglary in a four-year period, defendant's criminal history is not overstated, and therefore, a downward departure is not warranted. The Addendum does not find that any of defendant's alleged factors of age, role, and inducement, alone or in combination, justify a downward departure. However, the Addendum states that such factors do justify a sentence at the low-end of the applicable guideline range. The Court agrees with the Probation Officer's assessment.

### 4. The applicable guidelines are:

Total Offense Level: __19__ ;

Criminal History Category: __IV__ ;

__46__ to __57__ months imprisonment;

__2__ to __3__ years supervised release, pursuant to § 5D1.2;

__$6,000__ to __$60,000__ fine, pursuant to § 5E1.2 of the Guidelines.

2

5.  **Fine**

In light of the Probation Office's determination that defendant does not have the present ability to pay a fine, the Court waives payment of the fine pursuant to § 5E1.2(e) of the Guidelines.

6.  **Restitution**

Defendant is ordered to pay restitution in the amount of $4,722 to Bank of America in Garden Grove, California pursuant to 18 U.S.C. § 3663A.

7.  **Special Assessment**

Defendant is ordered to pay a $100.00 special assessment to the United States, pursuant to 18 U.S.C. § 3013(a).

8.  **Appeal**

The Court notes that, pursuant to the Plea Agreement, defendant waived the right to appeal his sentence under certain circumstances. Those circumstances, now present, obviate the need to advise defendant of appellate rights as otherwise required by Fed. R. Crim. P. 32 and waive defendant's right to appeal.